UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>CHERYL SUE BAUGHMAN    ) | CASE NUMBER: 3:05-CR-25(01)RM |

OPINION AND ORDER

Cheryl Baughman was sentenced after pleading guilty to access device fraud, 18 U.S.C. § 1029(a)(5). The presentence report recommended employer notification of Ms. Baughman's criminal record as a term of probation. Ms. Baughman objected to the imposition of a condition of employee notification under U.S.S.G. § 5B1.3(c)(13), and court stayed any employer notification for a period of two weeks to allow the parties to submit points of authorities. For the reasons that follow, the court agrees with the parties that a requirement of employer notification cannot be imposed as part of the terms of Ms. Baughman's probation under the Sentencing Guidelines.

Section 5B1.3, which is entitled "Conditions of Probation," requires that occupational restrictions – conditions that prohibit the defendant from engaging in a specified occupation or limit the terms which they may do so – comply with the terms of U.S.S.G. § 5F1.5. U.S.S.G. § 5B1.3(e)(4); U.S. v. Souser, 405 F.3d 1162, 1165 (10th Cir. 2005). Notification to Ms. Baughman's employer would constitute an occupational restriction because it would subjected her to

termination, limiting her terms of employment. Id.

Imposition of an occupational restriction requires that (1) a reasonably direct relationship existed between defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that without such a restriction, the defendant will continue to engage in unlawful conduct similar that for which the defendant was convicted. U.S.S.G. § 5F1.5(a)(1)-(2).

There is no direct relationship between Ms. Baughman's occupation and the conduct relevant to her offense: her employment as a welder affords her no access to confidential identifying information, and there is little evidence to suggest Ms. Baughman will continue to engage in criminal conduct, U.S. v. Smith, 332 F.3d 455, 462 (7th Cir. 2003). Without such a direct relationship, the court cannot impose an employer notification requirement.

Accordingly, the Court ORDERS that the Probation Department not notify Ms. Baughman's employer or require that she notify her employer of her criminal record, and ORDERS that Ms. Baughman notify the Probation Department if her occupation or job responsibilities should change.

SO ORDERED.

Dated: September 22, 2005

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:    R. Truitt
       B. Brook
       C. Baughman
       USPO